## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
### DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | United States of America v. Chadrick Evan Fulks, No 23-2 |
| **Originating No. & Caption** | United States v. Fulks, No. 4:02-cr-00992-JFA-1 |
| **Originating Court/Agency** | Hon. Joseph F. Anderson, Jr., District of South Carolina |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 2253 | |
| Time allowed for filing in Court of Appeals | 60 Days (FRAP 4(a)(1)(B)) | |
| Date of entry of order or judgment appealed | 1/10/23 | |
| Date notice of appeal or petition for review filed | 3/7/23 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | N/A | |
| Date order entered disposing of any post-judgment motion | N/A | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
| --- | --- | --- |
| Is transcript needed for this appeal? | ⦿ Yes | ◯ No |
| Has transcript been filed in district court? | ⦿ Yes | ◯ No |
| Is transcript order attached? | ◯ Yes | ⦿ No |

| **Case Handling Requirements** (answer any that apply) | | |
| --- | --- | --- |
| Case number of any prior appeal in same case | No. 11-3, No. 04-33 | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | United States v. Basham, No. 23-3 | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ◯ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ◯ No |
| Does case involve question of first impression? | ⦿ Yes | ◯ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ◯ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
| --- |
| This case is a capital 28 U.S.C. § 2255 proceeding. Appellant Chadrick Fulks pled guilty to using a firearm during a crime of violence and conspiracy under 18 U.S.C. §§ 924(c) and (o), kidnapping under 18 U.S.C. § 1201, carjacking under 18 U.S.C. § 2119, and other related offenses. While Mr. Fulks was sentenced to death under the carjacking and kidnapping convictions, the jury was aware of his §§ 924 convictions. To qualify as a crime of violence under § 924, the predicate offense must meet the definition of found in § 924(c)(3)(A)'s "force clause." The Government presumed without conceding that kidnapping resulting in death was not a crime of violence under the force clause, but argued that carjacking was. While this Court held that carjacking satisfied the force clause in United States v. Evans, 848 F.3d 242 (4th Cir. 2017), Mr. Fulks argued that Evans was abrogated by Borden v. United States, 141 S. Ct. 1817 (2021), and United States v. Taylor, 142 S. Ct. 2015 (2022). He further contended that carjacking by taking and by attempt were not divisible, carjacking by attempt was not a crime of violence under Taylor, and carjacking also did not satisfy the force clause under Borden. He asserted that his §§ 924 (c) and (o) convictions were based on his kidnapping conviction, and not carjacking. Finally, Mr. Fulks argued that his invalid §§ 924(c) and (o) convictions rendered his death sentence similarly invalid. The lower court denied relief. |

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

(1) Is carjacking resulting in death a crime of violence under the force clause of 18 U.S.C. § 924(c)?

(2) Were Mr. Fulks's §§ 924(c) and (o) convictions based on his carjacking resulting in death conviction?

(3) If Mr. Fulks's §§ 924(c) and (o) convictions are vacated, is he entitled to a new penalty phase?

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| Adverse Party: United States of America | Adverse Party: |
|---|---|
| Attorney: Kathleen M. Stoughton<br>Address: U.S. Attorney's Office<br>District of South Carolina<br>1441 Main Street, Suite 500<br>Columbia, SC 29201 | Attorney:<br>Address: |
| E-mail: kathleen.stoughton@usdoj.gov | E-mail: |
| Phone: 803-929-3000 | Phone: |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Chadrick Evan Fulks | Name: |
| Attorney: Peter Williams<br>Address: Federal Community Defender Office<br>for the Eastern District of Pennsylvania<br>601 Walnut Street, 545 West<br>Philadelphia, PA 19106 | Attorney:<br>Address: |
| E-mail: Pete_Williams@fd.org | E-mail: |
| Phone: 215-928-0520 | Phone: |

| **Appellant (continued)** | |
|---|---|
| Name: | Name: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Signature:** /s/ Peter Williams                **Date:** 3/21/23

**Counsel for:** Chadrick Evan Fulks

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |

Signature: | Date: