# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

Case Nos. 23-2(L) and 23-3

**UNITED STATES OF AMERICA**,
Appellee
v.
**CHADRICK EVAN FULKS AND
BRANDON BASHAM**
Appellants.

On Appeal from Order of United States District Court,
District of South Carolina (Hon. Joseph F. Anderson, Jr.)
entered (January 10, 2023), in Criminal Action
No. 4:02-992 and Civil Action Nos. 4:16-cr-2058
and 4:15-cv-2027

## PETITION FOR PANEL REHEARING OR REHEARING *EN BANC*

Peter Williams
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

*Counsel for Appellant, Chadrick Fulks*

Leticia Marquez
Lindsey Layer
Assistant Federal Public Defenders
Federal Public Defender's Office
District of Arizona
407 W. Congress Street, Suite 501
Tucson, Arizona 85701
(520) 879-7622

*Counsel for Appellant, Brandon Basham*

Dated: December 11, 2024

## TABLE OF CONTENTS

TABLE OF CONTENTS..............................................................................................i

TABLE OF AUTHORITIES ..................................................................... ii

STATEMENT PURSUANT TO FED. R. APP. P. 40(b) AND LOCAL RULE 40(b)...........................................................................................................1

ARGUMENT ..........................................................................................3

I.      THE PANEL'S ANALYSIS IS CONTRARY TO *BORDEN* AND *TAYLOR*. PANEL REHEARING OR REHEARING *EN BANC* SHOULD BE GRANTED TO REMEDY THIS PROBLEM. ...........................................................................................3

   A.      Federal Carjacking Does Not Satisfy *Borden*'s *Mens Rea* Requirement. ....3

   B.      Panel Rehearing or Rehearing *En Banc* Is Needed to Bring This Court's Precedent in Compliance with *Borden* and *Taylor*.......................................8

      1.      The Panel's Analysis of the Carjacking Statute Violates *Borden*.........9

      2.      The Panel's Reliance on *Evans* and *McNeal* Does Not Survive *Borden* and *Taylor*......................................................................................10

      3.      The Other Authorities Relied on by the Panel Do Not Mitigate the Need for Rehearing. .....................................................................12

      4.      Panel Rehearing or Rehearing *En Banc* Is Needed to Bring This Court's Carjacking Precedent In Line with *Borden* and *Taylor*. ........14

CONCLUSION ...................................................................................15

i

**TABLE OF AUTHORITIES**

**Federal Cases**

*Borden v. United States*, 593 U.S. 420 (2021) ................................................ *passim*

*Descamps v. United States*, 570 U.S. 254 (2013) ..................................................... 3

*Holloway v. United States*, 526 U.S. 1 (1999) ..................................................... 1, 5

*United States v. Bailey*, 819 F.3d 92 (4th Cir. 2016) ......................................... 8, 13

*United States v. Douglas*, No. 22-12659, 2024 WL 939713
    (11th Cir. Mar. 5, 2024) ..................................................................... 8, 14

*United States v. Draven*, 77 F.4th 307 (4th Cir. 2023) ........................................ 15

*United States v. Evans*, 848 F.3d 242 (4th Cir. 2017) ............................... 2, 10, 12

*United States v. Felder*, 993 F.3d 57 (2d Cir. 2021) ......................................... 8, 13

*United States v. Fulks*, 120 F.4th 146 (4th Cir. Oct. 28, 2024) ................. 1, 8, 9, 13

*United States v. Graham*, 67 F.4th 218 (4th Cir. 2023) ........................................ 15

*United States v. Green*, 67 F.4th 657 (4th Cir. 2023) ........................................... 12

*United States v. Gutierrez*, 876 F.3d 1254 (9th Cir. 2017) ................................. 6, 7

*United States v. Jackson* ("*Jackson I*"), 918 F.3d 467 (6th Cir. 2019) ............. 8, 13

*United States v. Jackson* ("*Jackson II*"), No. 22-3958, 2023 WL 8847859
    (6th Cir. Dec. 21, 2023) ..................................................................... 8, 13-14

*United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016) ............................... *passim*

*United States v. Mcylmore*, No. 20-4460, 2022 WL 612359
    (4th Cir. Mar. 2, 2022) (per curiam) ................................................................ 15

*United States v. Ruffin*, No. 2:13-00138, 2024 WL 193922
    (W.D. Pa. Jan. 18, 2024) ..................................................................... 8, 13-14

*United States v. Runyon*, 994 F.3d 192 (4th Cir. 2021) ........................................ 15

*United States v. Taylor*, 596 U.S. 845 (2022) ............................................... 2, 3, 11

*United States v. Wilson*, Nos. 17-4505, 17-4511, 17-4512, 17-4516, and 17-4528,
    2022 WL 2355497 (4th Cir. June 30, 2022) (per curiam) ................................ 15

**Federal Statutes**

18 U.S.C. § 924 ............................................................................................... 1, 3

18 U.S.C. § 2113 ................................................................................................ 11

18 U.S.C. § 2119 ......................................................................................... *passim*

28 U.S.C. § 2255 .................................................................................................. 1

**Other Authorities**

Fed. R. App. P. 40 .............................................................................................. 1

**STATEMENT PURSUANT TO FED. R. APP. P. 40(B)**
**AND LOCAL RULE 40(B)**

Appellants Chadrick Fulks and Brandon Basham request panel rehearing and rehearing *en banc* for the October 28, 2024, opinion affirming the dismissal of their 28 U.S.C. § 2255 motions. *See United States v. Fulks*, 120 F.4th 146 (4th Cir. Oct. 28, 2024). Appellants' § 2255 motions challenged their convictions under 18 U.S.C. §§ 924(c) and 924(o). These challenges turn on whether federal carjacking under 18 U.S.C. § 2119 is a crime of violence under the "elements clause" of 18 U.S.C. § 924(c)(3)(A).

*Borden v. United States*, 593 U.S. 420 (2021), held that a predicate offense must require the defendant to knowingly or purposefully use, attempt to use, or threaten to use violent force before the elements clause of § 924(c) can be met. Because *Holloway v. United States*, 526 U.S. 1 (1999), requires only conditional intent to inflict harm if needed to complete the carjacking for the *mens rea* requirement of § 2119 to be established, carjacking is not a crime of violence under *Borden*. A carjacker can have the conditional intent to harm, choose not to act on that intent, but then recklessly or negligently use force or intimidation during the carjacking in a manner that the defendant had neither intended nor foreseen. The Panel held that federal carjacking had the requisite *mens rea* and did not address this aspect of conditional intent. In so doing, the Panel issued an opinion that is contrary to *Borden*.

1

The Panel based its opinion, in part, on *United States v. Evans*, 848 F.3d 242 (4th Cir. 2017). *Evans* predated *Borden* and held that carjacking by intimidation is a crime of violence but failed to address the fact that carjacking's conditional intent requirement does not satisfy the elements clause. Instead, *Evans* relied on *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), a case addressing the *mens rea* needed to commit federal bank robbery. But, because bank robbery is not a conditional intent crime and has more robust *mens rea* requirements than carjacking, *McNeal*'s *mens rea* analysis is not relevant to § 2119. *Evans*'s reliance on *McNeal* is also problematic because *McNeal* employed the "realistic probability" test when conducting its crime-of-violence analysis—a test that has since been rejected by *United States v. Taylor*, 596 U.S. 845 (2022).

Whether it is the Panel's failure to address the discrepancy between the respective *mens rea* requirements of *Holloway* and *Borden*, *Evans*'s failure to do the same, or the *Evans* Court's reliance on *McNeal*, this Court's carjacking and crime-of-violence precedent is now in conflict with *Borden* and *Taylor*. Rehearing is needed to bring this Court's precedent in line with the Supreme Court's rulings.

2

## ARGUMENT

**I. THE PANEL'S ANALYSIS IS CONTRARY TO *BORDEN* AND *TAYLOR*. PANEL REHEARING OR REHEARING *EN BANC* SHOULD BE GRANTED TO REMEDY THIS PROBLEM.**

### A. Federal Carjacking Does Not Satisfy *Borden*'s *Mens Rea* Requirement.

To determine whether a predicate offense qualifies as a crime of violence under § 924, reviewing courts must use the categorical approach, which requires that courts "'look only to the statutory definitions'—i.e., the elements—of a defendant's [offense] and *not* 'to the particular facts underlying [the offense].'" *Descamps v. United States*, 570 U.S. 254, 261 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)) (emphasis in original). The Supreme Court has rejected any requirement that the defendant provide examples or otherwise show a "realistic probability" that the predicate offense was prosecuted for conduct that did not satisfy the elements clause. *Taylor*, 596 U.S. at 858-60. "The only relevant question is whether the federal felony at issue *always* requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Taylor*, 596 U.S. at 850 (emphasis added).

*Borden*, 593 U.S. at 429, 432, held that the elements clause in the Armed Career Criminal Act ("ACCA"), which is almost identical to § 924(c)(3)(A), requires the purposeful or knowing use of violent force. The four-justice plurality in *Borden* made clear that the ACCA elements clause (and, accordingly, the

§ 924(c) elements clause) "demands that the perpetrator *direct his action at, or target*, another individual." 593 U.S. at 429 (emphasis added). This was so, the plurality determined, because ACCA's elements clause required that a crime have as an element the "use of force" to be used "against" another before an offense could be considered a crime of violence. *Id.* at 430-31. Based on this language, the plurality concluded that the elements clause requires "oppositional, or targeted" action that was "consciously directed" against a given subject while excluding acts where someone is the "mere recipient" of force. *Id.* Likewise, Justice Thomas, who provided the fifth vote in favor of the holding, found that the "use of physical force" had a "well-understood meaning applying only to intentional acts designed to cause harm." *Id.* at 446 (Thomas, J., concurring) (internal citations and quotations omitted).

Under *Borden*, force-related conduct does not satisfy the elements clause unless the defendant "consciously deployed" or "trained" that force on another person *knowing or intending* that this other person would be impacted. *Id.* at 432. That requires "a deliberate choice of wreaking harm on another," not a "mere indifference to risk" or an understanding that an action carries a "potential" use of force. *Id.* at 432, 438. Stated otherwise, a crime must require that the defendant's use, attempted use, or threatened use of force be *simultaneously accompanied by* an intent to take or threaten to take the specific action involving force. Anything

4

less would not be "targeted action" that was "consciously directed" against a given subject, or an "intentional act[] designed to cause harm." *Id.* at 430-31 (plurality); *id.* at 446 (Thomas, J., concurring).

Carjacking does not satisfy this requirement. Section 2119 defines carjacking as:

> [w]hoever, with the intent to cause death or serious bodily harm[,] takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so. . . .

Because it requires the "intent to cause death or serious bodily harm," § 2119 might seem on its face to satisfy the *mens rea* requirement under *Borden*. But the Supreme Court has interpreted § 2119's intent requirement to be less demanding than the plain language appears to indicate. Specifically, *Holloway*, 526 U.S. at 7-9, ruled that the *mens rea* element of the federal carjacking statute—i.e., an "intent to cause death or serious bodily harm"—requires only *conditional* intent to cause death or injury *should it be necessary* to take possession of the car. Thus, not only does the perpetrator not need to convey any intent to harm to the victim, any privately held intent to do so can be "subject to a condition which the [offender] hopes will not occur." *Id.* at 13 (Scalia, J., dissenting).

This does not satisfy the elements clause. Conditional intent encompasses cases where defendants have the contingent intent to use force if it is needed to take the car, refrain from acting on that intent, and then accidentally inflict injury

5

during the taking. For example, a carjacker could have the conditional intent to shoot someone who attempted to stop him using that car, but refrain from doing so because it was not needed to complete the taking. However, if that defendant accidentally ran over the victim's foot, collided with the victim, or otherwise injured the victim while driving away in the stolen car, the defendant's conduct would satisfy the conditional intent and the "force and violence or intimidation" elements of § 2119 while involving only the reckless use of force.

Similarly, a carjacker could drive off in a seemingly empty car with the conditional intent to assault anyone who tried to stop him, but refrain acting on this intent because no one stood in his way. If there was someone in the back seat unbeknownst to the carjacker when he drove away, the defendant's conduct would constitute force and violence. But because the carjacker did not even know the passenger was there, his conduct would satisfy the elements of federal carjacking without meeting the *mens rea* requirement for *Borden*.

Carjacking by intimidation can also be committed without the knowing or purposeful use, attempted use, or threatened use of force. To establish intimidation, the Government need only prove the defendant took a motor vehicle "through conduct that would put an ordinary, reasonable person in fear of bodily harm." *United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017). The jury instructions in Mr. Basham's case illustrate this point:

6

> The phrase "intimidating manner" means that the defendant did or said something that would make an ordinary, reasonable person fear bodily harm. *Your focus should be on the defendant's behavior.* The Government does not have to prove that the defendant's behavior caused or could have caused great terror or panic. But it must show that an ordinary person would have feared bodily harm because of the defendant's behavior. The Government also does not have to prove that the defendant made explicit threats of bodily harm. *If you find that the defendant confronted the victim in such a way that it would reasonably create a fear of bodily harm, that is sufficient.*

ECF No. 19-2 (Joint App'x Vol. 2) at JA0478–0479 (emphasis added).

In addition to constituting "force and violence," the above example of a carjacker with conditional intent stealing a car without knowing there was a passenger in the back seat also establishes intimidation. From the passenger's perspective, that scenario would "put an ordinary, reasonable person in fear of bodily harm." *Gutierrez*, 876 F.3d at 1257. However, this conduct would not meet the *mens rea* requirement for *Borden*.

Similarly, a carjacker could steal a car with a firearm on his person with the conditional intent to use it but refrain from doing so during the carjacking. If the carjacker accidentally discharges the gun or if the victim catches a glimpse of the gun during the carjacking without the knowledge or intent to the defendant, this would again put "an ordinary, reasonable person in fear of bodily harm." *Id*. Even though this would constitute a carjacking, because the carjacker did not intend for his gun to go off or for the victim to see the gun, these actions would not meet the standard established by *Borden*.

7

Because all of the above examples constitute carjacking and none of them include "targeted" conduct or "intentional acts designed to cause harm," *Borden*, 593 U.S. at 430-31 (plurality); *id.* at 446 (Thomas, J., concurring), federal carjacking is not a crime of violence under *Taylor* and *Borden*.

**B.    Panel Rehearing or Rehearing *En Banc* Is Needed to Bring This Court's Precedent in Compliance with *Borden* and *Taylor*.**

The Panel determined that conditional intent satisfies *Borden*. *Fulks*, 120 F.4th at 160. Because the defendant must have the conditional intent to "seriously harm or kill the driver," at the "precise moment of taking the car," the panel did not "see how one could be convicted under § 2119 with a reckless mental state." *Id.* (internal quotations omitted). Citing *Evans*, *McNeal*, 818 F.3d 141 (4th Cir. 2016), *United States v. Bailey*, 819 F.3d 92 (4th Cir. 2016), and several out-of-circuit cases,[1] the Panel ruled that general recklessness was insufficient to prove specific intent—conditional or otherwise—and that "intimidation" requires that the defendant know his actions were objectively intimidating. *Fulks*, 120 F.4th at 160-61.

This analysis is contrary to *Borden* and *Taylor*. As set forth below, the

---

[1] The out-of-circuit authorities are as follows: *United States v. Felder*, 993 F.3d 57 (2d Cir. 2021); *United States v. Jackson* ("*Jackson I*")*,* 918 F.3d 467 (6th Cir. 2019); *United States v. Douglas*, No. 22-12659, 2024 WL 939713 (11th Cir. Mar. 5, 2024); *United States v. Jackson* ("*Jackson II*"), No. 22-3958, 2023 WL 8847859 (6th Cir. Dec. 21, 2023); *United States v. Ruffin*, No. 2:13-00138, 2024 WL 193922 (W.D. Pa. Jan. 18, 2024).

8

Panel's analysis of the carjacking statute fails to consider the many ways a carjacker can recklessly or negligently employ "force and violence or intimidation" while still satisfying *Holloway*'s conditional intent requirement; neither *Evans* nor *McNeal* accounted for conditional intent; and *Evans* has been further rendered invalid by *Borden* and *Taylor*.

**1.      The Panel's Analysis of the Carjacking Statute Violates *Borden*.**

The Panel's determination that it did not "see how one could be convicted under § 2119 with a reckless mental state," *Fulks*, 120 F.4th at 160, while having conditional intent throughout the carjacking conflicts with *Borden*'s *mens rea* requirement. *Borden* requires that the force be "targeted" conduct, 593 U.S. at 430-31 (plurality), or an "intentional act designed to cause harm," *id.* at 446 (Thomas, J., concurring). Put differently, if a carjacker uses violent force against or intimidates a victim, they must *know* they are taking the action (such as hitting a pedestrian, driving away with a passenger in the back, or accidentally discharging a firearm) that causes the harm or places the victim in fear. *See supra* at 3-8. If, for example, a defendant satisfies the force or intimidation component of carjacking by injuring the victim with the car or scaring the victim with a firearm, the defendant must know that he is hitting someone with the car or displaying his firearm before the elements clause can be met. As demonstrated by the examples set forth above, a defendant can have conditional intent throughout a carjacking,

9

inflict force and violence or intimidation on the victim, and only possess a reckless or negligent *mens rea* as to the actions causing the force and violence or intimidation. *Id.* Because the Panel ignores this fact, its holding brings this Court's precedent in conflict with *Borden*.

### 2. The Panel's Reliance on *Evans* and *McNeal* Does Not Survive *Borden* and *Taylor*.

*Evans* held that carjacking by intimidation required a threat of force. 848 F.3d at 246. Concluding that its analysis was "governed directly by our recent decision in *McNeal*, 818 F.3d 141," *Evans* rejected the defense argument that threatening to poison did not constitute a threat of force and held that intimidation "denotes a threat to use violent force." 848 F.3d at 246.

But *Evans*, which predated *Borden*, did not consider the conditional intent aspect of carjacking's *mens rea* requirement, made no determination as to whether carjacking accomplished by "force and violence" excluded force that was only recklessly employed, and did not address the *mens rea* required for carjacking by intimidation to be established. *See id.* at 247-48. Because *Borden* requires the carjacking statute to exclude everything but a purposeful or knowing threat of violent force before carjacking can serve as a crime of violence, *Evans* is no longer valid under *Borden*.

*Evans* is also invalid after *Borden* because *Evans* considered its outcome to be governed by *McNeal*. *McNeal* addressed whether federal bank robbery through

10

intimidation under 18 U.S.C. § 2113 could be accomplished recklessly, or whether it required the knowing threat of force. 818 F.3d at 155. Because § 2113 was a "general intent" statute, § 2113 required the defendant possessed knowledge that his acts were intimidating under the doctrine of general intent, and thus, required bank robbery by intimidation to include the threat of force. *Id.* at 155-56. But carjacking is *not* a general intent offense. It is a conditional intent crime. Carjacking's intent requirement requires nothing more than the conditional intent to use force if necessary, and does not require that the defendant know that force is being used or anyone is being intimidated. *See supra* at 3-8. Because the holding in *McNeal* was premised on § 2113's status as a general intent statute, the *Evans* court's reliance on *McNeal* brings *Evans* in conflict with *Borden*.

Additionally, *Taylor* undermined *Evans* by declaring that a court cannot employ the reasonable probability analysis, i.e. "whether the crime is sometimes or even usually associated" with the requisite level of force. 596 U.S. at 857-58. *McNeal* employed precisely this type of analysis. The defendants in *McNeal* had argued that bank robbery by "intimidation" did not categorically require physical force given that a "person can commit bank robbery by means . . . such as 'by threatening to poison or expose the teller to a hazardous gas.'" 818 F.3d at 156. *McNeal* concluded that there was no reason to "dwell on whether to define 'intimidation' . . . in terms of a threatened use of force" because "it will be the rare

11

bank robber who commits that offense with poison." *Id.*; *see also id.* (noting defendant's failure to "identif[y] a single bank robbery prosecution where the victim feared bodily harm from something other than violent physical force"). Because *Evans* was "governed directly" by *McNeal*, and *McNeal*'s analysis is rendered invalid by *Taylor*, *Evans* does not survive *Taylor* either.

Citing *United States v. Green*, 67 F.4th 657 (4th Cir. 2023), the Government has argued that an opinion that relies on a case that used the realistic probability analysis need not be revisited if this opinion did not use the prohibited analysis itself. ECF No. 39 at 24. The Government's argument is unconvincing. In *Green*, the opinion in question cited two cases employing the realistic probability test only to show other courts reached similar conclusions, and employed a separate analysis uncorrupted by the now-invalidated test when reaching its own conclusions. 67 F.4th at 669. Here, the *Evans* court failed to conduct an independent analysis and held that its decision was "governed directly" by *McNeal*. 848 F.3d at 246. Because the *Evans* court believed its result was dictated by *McNeal* and *McNeal* did not survive *Taylor*, *Evans* must be reexamined as well.

### 3.     The Other Authorities Relied on By the Panel Do Not Mitigate the Need for Rehearing.

The Panel's reliance on *Bailey* and out-of-circuit authority does not undermine Appellants' request for rehearing. The Panel's conclusion that, under *Bailey*, this Court "has already rejected 'generalized recklessness' as insufficient to

12

prove the required 'specific intent, conditional or otherwise, to kill or seriously harm,'" *Fulks*, 120 F.4th at 160 (quoting *Bailey*, 819 F.3d at 98), fails to engage with the nature of Appellants' claim. *Bailey* involved a case where the facts of that specific case were insufficient to establish conditional intent under *Holloway* given the specific evidence presented by the government in that case. *Bailey*, 819 F.3d at 97-98. Here, Appellants have established that a carjacker can have the conditional intent required by *Holloway* while only accidentally using force against or threatening the victim. *See supra* at 3-8. Nothing about *Bailey*'s holding undermines Appellants' claims for relief here.

As to the out-of-circuit authority, *Jackson I* and *Felder* relied on federal bank robbery precedent for their carjacking-related conclusions and failed to address the issue of conditional intent under *Holloway*. *Jackson I*, 918 F.3d at 486 ("Because the federal bank robbery and carjacking statutes use identical language, our precedent requires us to conclude . . . that the commission of carjacking by 'intimidation' necessarily involves the threatened use of force."); *Felder*, 993 F.3d at 79-80 (concluding that carjacking by intimidation involves a threat of force because *United States v. Hendricks*, 921 F.3d 320 (2d Cir. 2019), which governs federal bank robbery, "is equally applicable to the federal carjacking statute"). Similarly, *Jackson II*, *Douglas*, and *Ruffin* held carjacking to be a crime of violence, but failed to address the discrepancy between *Borden* and conditional

13

intent discussed above. *Douglas*, 2024 WL 939713, at *2; *Jackson II*, 2023 WL

8847859, at *5; *Ruffin*, 2024 WL 193922, at *2-3. Because bank robbery precedent

is inapplicable to the *mens rea* required in carjacking and conditional intent is a

key issue in Appellants' cases, *see supra* at 3-8, the out-of-circuit precedent

provides no support for the Panel's conclusions and does not alleviate the conflict

between this Court's precedent and *Borden* and *Taylor*.

> **4.    Panel Rehearing or Rehearing *En Banc* Is Needed to Bring This Court's Carjacking Precedent in Line with *Borden* and *Taylor*.**

Rehearing is warranted in this case. Prior to the Panel's opinion, this Court

had never addressed the inconsistency between conditional intent under *Holloway*

and *Borden*'s *mens rea* requirements or *Evans*'s ongoing validity in light of

*Borden* and *Taylor*. The Panel's discussion of these issues ignores the fact that a

defendant can satisfy the elements of federal carjacking—including conditional

intent—while not employing the knowing or purposeful use, attempted use, or

threatened use of force. Before the Panel's opinion, each post-*Borden* and post-

*Taylor* opinion relating to carjacking cited *Evans* as binding precedent, conducted

no analysis as to whether the conditional-intent aspect of federal carjacking

satisfied *Borden*, and conducted no analysis of whether *Taylor*'s rejection of the

14

realistic probability test rendered *Evans* invalid.[2] The elements of federal

carjacking and its status as a crime of violence are issues that appear repeatedly

through this circuit. This Court should grant rehearing to settle these issues and

bring its precedent in line with that of the Supreme Court.

## CONCLUSION

For the reasons stated above, Appellants respectfully petition this Court for

panel rehearing or rehearing *en banc*.

Respectfully submitted,

| | |
|---|---|
| /s/ Peter Williams | /s/ Leticia Marquez |
| Peter Williams | Leticia Marquez |
| Assistant Federal Defender | Lindsey Layer |
| Federal Community Defender Office | Assistant Federal Public Defenders |
| for the Eastern District of Pennsylvania | Federal Public Defender's Office |
| 601 Walnut Street, Suite 545 West | District of Arizona |
| Philadelphia, PA 19106 | 407 W. Congress Street, Suite 501 |
| (215) 928-0520 | Tucson, Arizona 85701 |
| | (520) 879-7622 |
| *Counsel for Appellant, Chadrick Fulks* | |
| | *Counsel for Appellant, Brandon Basham* |

Dated: December 11, 2024

---

[2] *See, e.g., United States v. Runyon*, 994 F.3d 192, 201 (4th Cir. 2021) (rejecting Runyon's request to overturn *Evans* because it is binding precedent and "one panel cannot overrule another") (quotations and citations omitted); *United States v. Draven*, 77 F.4th 307, 316-17 (4th Cir. 2023) (citing *Evans* and *Runyon* and holding that "Draven's challenges here cannot penetrate our overwhelming precedent"); *United States v. Graham*, 67 F.4th 218, 221 (4th Cir. 2023) (citing *Evans* with no independent analysis); *United States v. Wilson*, Nos. 17-4505, 17-4511, 17-4512, 17-4516, and 17-4528, 2022 WL 2355497, at *1 (4th Cir. June 30, 2022) (per curiam) (same); *United States v. Mcylmore*, No. 20-4460, 2022 WL 612359 (4th Cir. Mar. 2, 2022) (per curiam) (same).

15

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Peter Williams, hereby certify that:

1.      This document complies with the type volume limit established by Fed. R. App. P. 40(d)(3)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,628 words.

2.      This document with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface, in 14-point Times New Roman font.

*/s/ Peter Williams*
PETER WILLIAMS

Dated: December 11, 2024

**CERTIFICATE OF SERVICE**

I, Peter Williams, hereby certify that on this date I served the foregoing

document by ECF filing on the following party:

> Thomas E. Booth
> Attorney, Appellate Section
> Criminal Division
> U.S. Department of Justice
> 950 Penn. Ave., Room 1511
> Washington, DC 20530

> _/s/ Peter Williams_
> PETER WILLIAMS

Dated: December 11, 2024